COLLOTON, Circuit Judge,
concurring in the judgment.
I agree with the court’s conclusion in Part I that historical evidence establishes that “Dakotas’ declaratory judgment action is an equitable claim seeking remedies typically available in equity and therefore available under § 502(a)(3)” of ERISA, 29 U.S.C. § 1132(a)(3). Ante, at 1103. The court also cites two other apparent reasons for its holding. First, the court adverts to the “paradoxical result” that would obtain if the remedy sought here were unavailable, and opines that “[o]ne might think that the underlying purposes of ERISA and of equitable relief generally would permit a court to fashion an appropriate remedy.” Ante, at 1104 (quoting Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co., 771 F.3d 150, 159 (2d Cir. 2014)). Second, the court explains that the holding “avoids the anomaly of interpreting ERISA so as to leave those Congress set out to protect—the participants in ERISA-governed plans and their beneficiaries—with less protection than they enjoyed before ERISA was enacted.” Ante, at 1104 (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 267, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (White, J., dissenting)). As the decisions in Mertens and Gerber themselves show, however, these concerns do not permit a court to fashion a remedy that was not typically available in equity. Mertens, 508 U.S. at 261-62, 113 S.Ct. 2063; Gerber, 771 F.3d at 159. Whether the relief sought was typically available in equity is dispositive under ERISA. Avoiding the “paradox” mentioned in Gerber and the “anomaly” cited in the Mertens dissent may be a salutary consequence of ruling for Dakotas, but it is not a reason for the decision.
j ajg0 agree with the conclusions jn parts II and III, and I concur ⅛